## 11800

### BRAZZILL v. LANCASTER COUNTY

(128 S. E., 728)

1. COUNTIES—STATUTE HELD TO PROTECT CITIZENS' POLITICAL RIGHTS AND LIBERTIES, AND NOT TO RENDER COUNTY LIABLE FOR INJURIES INFLICTED BY MOB.—Cr. Code 1922, § 314, making County liable to citizens hindered or obstructed in exercising rights and privileges granted by Federal and State Constitutions and laws, or injured in their persons and property because of exercise of the same, does not render County liable for injuries inflicted by mob, when not inflicted because of exercise of political rights.

2. COUNTIES—COMPLAINT FOR INJURIES BY MOB HELD DEMURRABLE, WHICH DOES NOT ALLEGE WHEREIN PLAINTIFF'S CONSTITUTIONAL RIGHTS WERE INVADED.—In view of Const. Art. 6, § 6, complaint based in Cr. Code 1922, § 314, which alleged that plaintiff was beaten by mob, that his home was terrorized, and that such acts deprived him of his constitutional rights, was demurrable, since it did not allege wherein plaintiff was hindered in exercise of constitutional rights, nor allege that he was injured because of exercise of the same.

Before BONHAM, J., Lancaster, October, 1924. Affirmed.

Action by W. J. Brazzill against Lancaster County. From an order sustaining a demurrer to the complaint, plaintiff appeals.

*Mr. J. Harry Foster,* for appellant, cites: *Rights and privileges of citizens secured:* Criminal Code, 1922, Sec. 314.

*Messrs. Williams & Stewart,* for respondent, cite: *Act securing rights and privileges of citizens revoked:* Const. of 1895, Art. VI, Sec. 6; Code, 1922, Vol. 3, Sec. 5601. *County liable for lynching:* 55 S. C., 45.; 32 S. E., 764.

July 6, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

This was an action against Lancaster County for $5,000 damages, based upon Section 314 of the Criminal Code of 1922. The plaintiff alleges: That he is a citizen of the United States and of South Carolina, and a resident of Lancaster County. That on the night of the 4th of August, 1924, just before midnight, while enjoying the rights of a citizen of this State, his home was invaded by a mob of men, some 15 in number, and that he was taken by the mob from his bed, where he had retired for the night, carried some 5 or 6 miles from his home, all in Lancaster County, and that the mob and its members, with sticks and leather straps administered to him a severe beating, bruising and injuring him, to his hurt and damage $5,000, and by reason of such treatment he had been humiliated, damaged, and injured, and otherwise hurt necessitating the employment of a physician to have his wounds and injuries treated; the home of the plaintiff was terrorized by the mob; that his wife, who was then sick, was rendered unconscious, making her condition worse—all of which added to the plaintiff's damage and deprived the plaintiff of the peaceful enjoyment of his constitutional rights, both state and federal.

The defendant by its answer interposed a general denial, and also the defense that, if the act in question was sought to be given any force, it is unconstitutional as being in conflict with Article 6, § 6, of the Constitution of this State of 1895, which limits the liability of counties for mob violence to acts where death ensued. The defendant gave notice that at the trial a demurrer to the complaint would be interposed, in substance, upon the following grounds:

That the injuries complained of are not protected by any constitutional law of this State; that such injuries are not contemplated nor covered by Section 314 of the Criminal Code of 1922, which refers only to political rights and privileges, nor by Section 5601 of Volume 3 of the Code of 1922, which makes the County liable for mob violence only when death ensues, and that the complaint fails to state facts sufficient to constitute a cause of action, in that it fails to show that the plaintiff was hindered, prevented, or obstructed in the exercise of any right or privilege secured to him by the Constitution and laws of the United States or by the Constitution and laws of this State, and otherwise fails to state facts sufficient to constitute a cause of action under Section 314 of the Criminal Code of 1922, and fails to show that the defendant, its officers, agents, servants, or representatives, were in any manner connected with or responsible for the acts and injuries complained of, either actively, passively, or by connivance, assent, acquiescence, or ratification, and that it failed to show that the acts complained of are within the purview of either one of the sections of the Code of Laws of South Carolina, herein referred to, and if Section 314, referred to, be so construed as to cover these acts, it is null and void and without constitutional authority, and is repugnant to Article 6, § 6, of the Constitution of 1895, which limits the liability of counties in cases of mob violence to cases where death ensues to the party mobbed or lynched. The demurrer was interposed at the trial.

On hearing argument, his Honor, Judge Bonham, sustained the demurrer, holding that Section 314 of the Criminal Code, relied upon, enacted in 1871, was designed to protect the political rights and liberties of the citizens of the State; that this section alone of the act survived in its original form and substance, and has no wider application than at the time it was passed in 1871, and that it cannot be construed to contemplate or to protect against the acts and injuries set out in the complaint; and that the only protec-

tion against mob violence to the citizens of this State is set out in Section 5601 of Volume 3 of the Code of 1922, and permits damages against the County in cases of mob violence only when death ensues; and that this act is authorized by Article 6, § 6, of the Constitution of 1895.

There are two exceptions to the order of Judge Bonham: First, that the complaint alleges a cause of action arising under Section 314 of the Criminal Code of 1922, and the Court erred in not so holding; second, that the complaint alleges a cause of action, and it was error for the Court to have sustained the demurrer. These exceptions, two in number, are practically one, alleging error in not holding that the complaint states a cause of action.

By referring to the original Act of March 1, 1871 (14 St. at Large, p. 559), we are enabled to obtain the preamble to the act in question. It is as follows:

"An Act to provide for the protection of persons, property and the public peace.

"Whereas, threatenings, intimidation and violence are used in portions of this State against the peace of the same; and whereas, the laws are set at defiance, and the officers of the law hindered, prevented and obstructed in the discharge of their duties; and whereas, armed, disguised and lawless persons are threatening, maltreating and assassinating peaceable and defenseless citizens: Therefore, be it enacted."

As brought into our present Code of Laws, the Act is as follows:

"*Persons Injured may Prosecute County for Damages.*— Any citizen who shall be hindered, prevented, or obstructed in the exercise of the rights and privileges secured to him by the Constitution and laws of the United States, or by the Constitution and laws of this State, or shall be injured in his person or property because of his exercise of the same, may claim and prosecute the County in which the offense shall be committed for any damages he shall sustain thereby; and

the said County shall be responsible for the payment of such damages as the Court may award, which shall be paid by the County treasurer of such County on a warrant drawn by the County Commissioners thereof, which warrant shall be drawn by the County Commissioners as soon as a certified copy of the judgment roll is delivered to them for file in their office."

Reading the preamble and the section of the Act now preserved, shows that the conclusion reached by Judge Bonham is correct, and his order is affirmed, and the exceptions are overruled. Although brought forward as a part of our present Code of Laws, the Act should be read in reference to the time at which it was enacted. It was, as is stated by his Honor, Judge Bonham, enacted to protect the political rights and liberties of the citizens of the State.

The Act seems to give remedies twofold in character: First, the remedy to any citizen who should be *hindered, prevented or obstructed,* in the exercise of the rights and privileges secured to him by the Constitution and laws of the United States or by the Constitution and laws of this State; second, or who shall be injured in his person or property *because of his exercise of the same.* It does not appear from the complaint that the plaintiff was hindered, prevented, or obstructed in the exercise of any such rights, nor does it appear that he was injured because of his exercise of any of the same, and this action cannot be maintained. If the people of the State had designed to extend the remedy against the County for damages suffered by a citizen from Acts of violence, they would have extended the constitutional provisions to embrace such remedy, but no such remedy is given by the Constitution.

Affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.